## JOE L. MARTIN v. STATE.

No. A-8503.  March 3, 1933.
Rehearing Denied April 1, 1933.
(20 Pac. [2d] 196.)

E. S. Bowles, W. F. Brumfield, and J. C. Ryan, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Paul W. Cress, Co. Atty., of Perry, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, being arraigned in the district court of Noble county, charged with the crime of murder in the killing of one Pete Von Nearop in said county, entered his plea of guilty to said offense; thereupon the court heard evidence and took the matter of punishment under advisement, and thereafter and at the time fixed for pronouncing judgment and sentence, the court adjudged the defendant to be guilty of murder and fixed his punishment at death by electrocution at the state penitentiary in McAlester.

It appears from the record that deceased, Pete Von Nearop, was a horse trader; that defendant met him at Winfield, Kan., and they journeyed together to Lela, in Noble county; that on the night of July 26, 1932, defendant committed an assault upon deceased with a heavy iron bolt and apparently also with an ax; that, after deceased had been rendered unconscious, defendant bound his head in a gunny sack and dragged his body to an abandoned oil pit; that defendant took $17.25 from the pockets of deceased, and, tying a heavy iron wheel to deceased's neck, dragged him into this pit filled with water, while deceased was yet alive and struggling; that defendant then took the four horses, one mule, a wagon, a hack, and other personal property of deceased and fled; that, when he was arrested near Perkins, he denied knowing deceased or having been connected with him; that, on being taken to the scene of the crime, he admitted the killing; that, on being arraigned for preliminary hearing in the county court, he was advised of his constitutional rights, and, having no attorney and no money to employ one, the court appointed E. S. Bowles, former county at-

torney of Noble county, to defend him; that thereupon, after conferring with counsel, he waived preliminary hearing and was bound over to the district court; that on the 1st day of August he was arraigned in the district court of Noble county before John S. Burger, judge of the district court, and thereupon said court appointed E. S. Bowles to represent him; that he requested time to plead, and the court granted same and fixed the time as August 2, 1932, at 1:30 p. m.; that on the 2d day of August, 1932, defendant entered his plea of not guilty; that on the 17th day of August, 1932, he appeared with counsel and asked leave to withdraw his plea of not guilty and enter his plea of guilty; that the court thereupon advised him that the punishment for murder was life imprisonment or death by electrocution, and that, if he entered his plea of guilty, the court might pronounce judgment of death; that he was twice so admonished by the court, and thereupon in open court announced that he entered his plea of guilty; that thereupon the court fixed the 20th day of August, 1932, at 9 o'clock a. m. to pronounce judgment and sentence upon his plea of guilty; that on the 20th day of August, 1932, the court proceeded to hear evidence offered by the state and by defendant for the purpose of aiding the court in fixing the punishment; that, after hearing evidence on behalf of the state and defendant and listening to arguments of counsel for both parties, the court, desiring time to study the statements of defendant and the testimony offered in the case, continued the case until 1:30 p. m. August 24, 1932, for judgment and sentence; that on the 24th day of August, 1932, the court heard further evidence offered by the defendant, and thereupon found defendant guilty of the crime of murder upon his plea of guilty, and fixed his punishment at death by electrocution in the state penitentiary at McAlester.

It thus appears from the record that defendant is guilty of an aggravated case of murder for the purpose of robbery, and that the trial court was very careful to see that every constitutional and statutory right was granted to him, appointing him an attorney, giving him two days in which to plead, fifteen days later, on his application to withdraw his plea of not guilty and plead guilty twice admonishing him that the death penalty might be inflicted, hearing evidence to determine the gravity of the offense and the punishment to be inflicted, and adjourning the case to August 20th and thereafter to August 24th to consider the evidence, at which time the court pronounced the judgment and sentence complained of.

The court is to be commended for the manner in which he conducted the hearing and the effort he made to see that defendant deceived all of his constitutional and statutory rights.

Section 1739, C. O. S. 1921, authorizes the court on a plea of guilty of murder to fix the punishment at imprisonment for life, or death. This act is constitutional, and the court had undoubted power to pronounce the judgment and sentence of death imposed in this case. In re Opinion of the Judges (John Henry Prather), 6 Okla. Cr. 18, 115 Pac. 1028; State v. Johnson, 1 Okla. Cr. 154, 96 Pac. 26.

On September 3, 1932, defendant made application to the court to file a motion for a new trial after sentence and judgment, which application was by the court denied. Defendant contends that the court abused its discretion in denying this application.

Section 2621, C. O. S. 1921, provides:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted."

In construing this statute, this court has held that a plea of guilty may be withdrawn upon permission of the court after, as well as before, judgment is pronounced. Howington v. State, 30 Okla. Cr. 243, 235 Pac. 931; Turner v. State, 33 Okla. Cr. 97, 242 Pac. 1053; Cook v. State, 45 Okla. Cr. 69, 281 Pac. 819.

It is always within the sound discretion of the trial court to either grant or deny this character of application. Factor v. State, 49 Okla. Cr. 308, 294 Pac. 206. There is nothing in the record to indicate any abuse of discretion upon the part of the court. But, on the other hand, it appears that the court gave due consideration to all of the matters that had previously been presented, and properly reached the conclusion that the application should be denied.

Contention is also made that the punishment is excessive and should be commuted to life imprisonment. From defendant's own statement, he is guilty of an atrocious crime. A defenseless and almost helpless cripple is premeditatedly murdered for the purpose of robbery. No extenuating circumstances appearing in the record, commutation of sentence is denied.

The original time for the execution having passed, owing to the pendency of this appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Noble county be carried out by the electrocution of defendant on the 5th day of May, 1933.

EDWARDS, P. J., concurs. DAVENPORT, J., not participating.