## THOMPSON v. STATE

No. A-11670. Nov. 19, 1952.

(250 P. 2d 481.)

Judson H. Pierce, Perry, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. This is an appeal by Homer Thompson from an action of the county court of Noble county, in refusing to sustain his motion to set aside judgment and sentence entered against him, and to permit his withdrawal of a plea of guilty.

Herein appellant will be referred to as defendant, as in the trial court, where he was charged by information filed in the county court of Noble county with the offense of unlawful possession of intoxicating liquor. The case-made shows that on September 20, 1951, the defendant appeared before the county court for arraignment, that he entered a plea of guilty and was sentenced to serve 30 days in the county jail and was fined $500. The court did not commit defendant, but released him on his own recognizance and stayed execution of the sentence until October 1, 1951. The minutes of the court and journal entry of judgment show that:

"The information filed herein against the defendant is read to him by the County Attorney after which the Court advises the defendant of his legal rights under the laws of the State of Oklahoma. The Court then asks the defendant if he desires additional time in which to enter his plea or if he is ready to plead at this time. Defendant answers that he waives further time and is ready to enter his plea.

"The court then asks the defendant how he pleads to the charge contained in the Information and the defendant answers that he is guilty of illegal possession as charged in the Information."

On October 1st, defendant filed a motion to be allowed to withdraw his plea of guilty. He did not set up that he was not guilty, nor was it prayed that the sentence be set aside. However, on October 2nd, an amended motion was filed and the omissions mentioned were supplied.

On hearing of the motion defendant testified that he lived in Perry, was born and reared there, that he was engaged in the barbecue business and had been for a year and a half, and prior thereto for a number of years had been chef at the Marcy Cafe. Defendant testified that on September 19, 1951, he was arrested on a charge of unlawful possession of intoxicating liquor, and taken to the county attorney's office; that the county attorney read a law book to him, or, in defendant's words:

"Well, he read the book—the law book—I suppose—and asked me was I guilty or not guilty, so I said I'd take the best and cheapest way I can get out of it; I said I was not going to sell any more whiskey, I am done with it. Q. Was there anything said, Homer, as to pleading guilty to this charge? A. I think he give me two choices—to plead guilty,—as I understood it, I plead guilty to something in the district court, I think. Q. Felony? A. Yes, something about the 3rd offense, or the first offense, and I think I asked him which would be the best, and he said it was up to me, and he said if I plead guilty to this charge he would not file a 3rd offense, and if I don't plead guilty, it would be an offense in the district court. Q. And as a result of being told that, did you decide to enter a plea of guilty to this charge here in this court? A. I did. Q. Homer, you state in your application that you do not believe that you are guilty of this charge under the law—is that true? A. That's what I believe."

And on cross-examination, defendant testified:

"Q. I will ask if on the 20th day of September of this year, when you were arraigned before the County Judge, and after you entered your plea of guilty to this charge, the County Judge, in your presence did not ask the County Attorney for his recommendation, and in answer to that question, the County Attorney stated to the County Court, in your presence, that he, the County Attorney had had a conversation with you in his office, and that the County Attorney stated to you, in response to your request for mercy, and request for the County Attorney to make a recommendation to the County Court that you not be sentenced to jail, that the County Attorney told you he would not make such a recommendation, and that the only leniency the County Attorney would express in your case, would be to give you a choice of facing a felony charge in district court of Noble County, or facing a charge in the County Court, and that you would be the one to make the choice, and that after you had made that choice, the County Attorney stated to the Court, in your presence, that he would not make a recommendation as to the days—whether or not you were to serve any days, and that you nodded your head in assent, before the County Judge of this county as to whether or not the conversation took place in the office of the County Attorney? A. It did. Q. Mr. Thompson, while you were in the County Attorney's office, did the County Attorney or any peace officer of this county, threaten you or intimidate you in any way? A. No, they did not, if I understand it right—what do you mean? Mr. Pierce [defendant's attorney] Scare you. A. No, they did not."

It was further developed from the cross-examination of defendant that on January 31, 1950, he had pleaded guilty in the county court to a charge of operating and maintaining a public nuisance, and on April 2, 1951, he had pleaded guilty in county court to the illegal possession of whiskey and had received a sentence of 30 days in jail, and to pay a fine of $400. Defendant admitted that between the time of his conversation with the county attorney and the time he entered his plea of guilty in this case, he was not in custody but at liberty and had an opportunity to consult a lawyer if he had desired to do so. He also admitted that at the time of arraignment he was advised of his legal right and right to an attorney.

At the conclusion of the evidence in support of motion, the court stated:

"It is the judgment of the Court that the defendant was fully advised of his legal rights and given an opportunity to take advantage of all his legal rights, and there is no evidence to show that the County Attorney discriminated against the defendant in the prosecution of this case, and the petition by the defendant for permission to withdraw his plea of guilty is hereby denied, and defendant will be remitted to the custody of the sheriff, to serve out his sentence as provided."

The sole question for consideration is whether or not the trial court abused his discretion, under the facts developed in this case in overruling defendant's motion to set aside the judgment and sentence and allow the defendant to withdraw his plea of guilty and enter a plea of not guilty.

The defendant never did categorically deny that the whiskey was his or that it was in his possession. He merely stated in response to a leading question of his attorney that he did not "believe" that he was guilty. He should have known. He had admitted his guilt to the county attorney and had promised to reform. We find nothing in the record to indicate that the defendant was coerced by the county attorney. The county attorney merely gave him a choice of courses. The record shows that the defendant was 43 years of age, was operating a business and evidently above average intelligence. He had twice before been convicted of violating the law and was not without experience. And while the law favors the trial of criminal cases on the merits, where the evidence is void of circumstances that would in any way indicate anything but a proposed technical defense of a charge not now denied, and to which defendant pleaded guilty after being advised of all his legal rights, the action of the court in refusing to set aside such judgment will not be disturbed. We have many times said that the granting or denying of permission to withdraw a plea of guilty and to substitute a plea of not guilty is a matter within the sound judicial discretion of the trial court, and its action will be upheld unless an abuse of such discretion clearly appears from the record. Sanders v. State, 72 Okla. Cr. 85, 113 P. 2d 198; Powell v. State, 94 Okla. Cr. 1, 229 P. 2d 230.

A consideration of the record fails to show an abuse of discretion by the trial court.

The case is affirmed.

BRETT, P. J., and JONES, J., concur.