Jack GREEN, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12584.

Criminal Court of Appeals of Oklahoma.

June 25, 1958.

Rehearing Denied July 30, 1958.

Kenneth W. Lackey, Eufaula, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Jack Green, defendant below, was charged by information in the District Court of McIntosh County, Oklahoma, with having, on or about December 4, 1955, committed the crime of burglary in the second degree. It was alleged that he and two other persons burglarized the home of one Dale Williams and stole therefrom the sum of $35 in cash. The defendant first entered a plea of not guilty, later withdrew the plea and entered a plea of guilty and was sentenced thereon to a term of three years in the penitentiary.

Before judgment and sentence were entered, the defendant filed a motion for leave to withdraw his plea of guilty and enter a plea of not guilty and stand trial. He pled and offered in support thereof proof to the effect that he entered his plea without the aid of counsel and further alleged the plea of guilty was entered on the representation of the County Attorney that his co-defendants had made a confesson and pled guilty and on the strength of their confessions the defendant would be convicted. He further pled and offered in support that the County Attorney advised him that if his co-defendants were not prosecuted, he would dismiss the charge against the defendant. It is contended on the strength of this proof he should be permitted to withdraw his plea of guilty and stand trial, and for the further reason he is not guilty of the charge.

On cross-examination of the defendant, it was disclosed he was not ignorant and inexperienced in such matters, he having prior convictions in the Federal Court for larceny of an automobile and a conviction for breaking and entering in the State of Wisconsin. The state's proof on the motion was to the effect the County Attorney at no time ever indicated the defendant would not be sentenced on his plea of guilty, nor was he advised he would not have to go to the penitentiary. To the contrary, the record affimatively shows the defendant was advised by the County Attorney that because of his record, he would not be eligible for suspended sentence. It appears the County Attorney advised him, when he first decided to plead guilty, he would recommend a five year sentence, but let that sentence run concurrently with another charge pending against him. The County Attorney admitted, however, that he told the defendant that if the other defendants went "scot-free", he would try to keep the defendant, Green, from going to the penitentiary. The record discloses one of his co-defendants agreed to and did join the army, and because thereof, his case was dismissed. The other co-defendant entered a plea of guilty and because he was without prior record, was given a suspended sentence. It appears from the record that trial judge Lackey advised the defendant at the time he was arraigned he had the right to an attorney if he wanted one and at no time did he give him any indication that if he entered a plea of guilty he would not be sentenced to the penitentiary, but instead informed him he was not eligible for suspended sentence because of his prior convictions. The trial court further stated the imposition of sentence was deferred many times (the record shows at least nine times) because the County Attorney of Muskogee County asked the same be deferred because Green was the defendant in an action pending therein. On these facts, the trial court re-

fused permission to withdraw the plea of guilty and on October 7, 1957, judgment and sentence were entered.

It has been repeatedly held by this Court that the granting and denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter within the sound discretion of the trial court and its action will be upheld unless an abuse of such discretion clearly appears from the record. Sanders v. State, 72 Okl.Cr. 85, 113 P.2d 198; Roberts v. State, 72 Okl.Cr. 384, 115 P.2d 270; Williams v. State, Okl.Cr., 303 P.2d 980. It is apparent from the record that the question of whether or not the County Attorney influenced the defendant in entering his plea of guilty is one in which the evidence thereon is in great conflict. Under these conditions, it presented a matter for the determination of the trial court, and since there is evidence reasonably tending to support his findings, they are binding on this Court. It clearly appears that certainly no such agreement as is contended for by the defendant with the County Attorney was made with the cognizance of the Court. Moreover, we are of the opinion that the record does not support the defendant's contention in relation to the purported agreement with the County Attorney. To the contrary, it clearly appears that the County Attorney at no time ever held out to the defendant he would not go to the penitentiary on his plea of guilty, unless his co-defendants went free and then he would try to prevent the defendant from having to go to the penitentiary. Moreover, it does not appear that either the County Attorney or the Court took advantage of the defendant because of his ignorance or inexperience or that he was denied the right to aid of counsel.

We are of the opinion the trial court did not abuse its discretion in refusing to grant the defendant leave to withdraw his plea of guilty and substitute a plea of not guilty. The judgment and sentence is accordingly affirmed.

POWELL and NIX, JJ., concur.