Dee Lorin PIERCE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13448.

Court of Criminal Appeals of Oklahoma.

July 15, 1964.

Carroll Samara, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

On the 27th day of February, 1963, defendant, Dee Lorin Pierce, was charged by preliminary complaint with the offense of Possession of Marihuana, and thereafter, on the 2nd day of March 1963, preliminary hearing was held before Justice of the Peace Wendell Foster in the Justice Court of Oklahoma City District, Oklahoma County, Oklahoma wherein defendant, Dee Lorin Pierce, was represented by counsel, Mr. Don Mars of Oklahoma City; at the conclusion of the hearing defendant was bound over to District Court of Oklahoma County. He was arraigned in District Court on the 26th day of April, 1963. At this arraignment he was represented by Mr. Don Mars, entered a plea of not guilty and a bond was set in the sum of $2,000.00. This cause was set for trial on the 11th day of June 1963, at which time defendant appeared in person and by counsel, withdrew his plea of not guilty and entered a plea of guilty. The date for rendition of Judgment and Sentence was set for June 2, 1963 but reset for July 17, 1963, at which time defendant appeared with present counsel, Mr. Carroll Samara, and filed an application to withdraw plea of guilty and re-enter plea of not guilty.

Hearing was held on that date; a copy of the transcript of the preliminary proceedings was introduced and testimony offered in support of said Motion. At the conclusion of this hearing the Court denied defendant's motion to withdraw his plea of guilty and entered a Judgment and Sentence, assessing defendant's punishment at One (1) Year in the State Penitentiary at McAlester, Oklahoma and from said Judgment and Sentence a timely appeal has been perfected to this Court.

The sole question presented on appeal is whether the trial court was arbitrary and capricious in denying defendant's application to withdraw his plea of guilty and re-enter a plea of not guilty.

Title 22, O.S. § 517, states:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." (R.L.1910, § 5804)

In construing the statute this Court has uniformly held that:

"The granting and denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter within the sound discretion of the trial court and its action will be upheld unless an abuse of such discretion clearly appears from the record."

243

Green v. State, Okl.Cr., 327 P.2d 704; Cullins v. State, Okl.Cr., 325 P.2d 446.

"The law favors the trial of criminal cases on the merits, but this does not mean that the trial court should allow a defendant to withdraw a plea of guilty where there is no showing that the plea was entered through inadvertence, ignorance, or without deliberation but it is apparent that the application to withdraw the plea of guilty is for the purpose of delay and to defeat the ends of justice." Williams v. State, Okl.Cr., 303 P.2d 980.

"A defendant should not be allowed to trifle with the court by entering a plea of guilty, after consultation with his attorney, and capriciously withdrawing such plea on the date set for pronouncement of judgment and sentence." Camplain v. State, Okl.Cr., 362 P.2d 464.

"In order to sustain the contention of an accused that a trial court has abused its discretion in refusing to allow a plea of guilty to be withdrawn and a plea of not guilty substituted therefor, it must be apparent from the record that the plea has been made unadvisedly, through ignorance, inadvertence, influence, or without deliberation, and that there is a defense that should be presented to the jury." Antuna v. State, Okl.Cr., 388 P.2d 345.

In the instant case, the defendant was represented at all stages of the proceedings by competent counsel, the record of the preliminary hearing discloses evidence ample to support a conviction of the offense charged and it is readily apparent that the defendant had ample time to know and understand the nature of the charge against him, and the consequences of withdrawing his plea of not guilty and entering a plea of guilty on the very day this cause was set for a jury trial.

Under the circumstances, we are of the opinion that the trial court properly denied the defendant's application to withdraw his plea of guilty on the date set for Judgment and Sentence.

Under the authority of Camplain v. State, supra, we are of the opinion the Judgment and Sentence appealed from should be and the same is hereby affirmed.

Affirmed.

JOHNSON, P. J. and NIX, J., concur.