Ray KING, #75239, Petitioner,

v.

Don BARNES, Judge of the Superior Court of Okmulgee County, Oklahoma, Respondent.

No. A–14365.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1967.

Ray King, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

Ray King, an inmate of the state penitentiary, has filed his petition, asking for either a writ of habeas corpus, or a post conviction appeal.

Petitioner states that he entered a plea of guilty to a charge of burglary, second degree, in Okmulgee County, on March 20, 1967, and was sentenced to serve four years in the state penitentiary.

Petitioner states that he gave notice of his intention to appeal, and requested a casemade at the expense of the State, which was not granted. He further states that he employed an attorney after being sentenced, and that "after I got here, he quit." His contention is that he was "made to plead guilty under duress".

To this petition the Attorney General has filed a response, attaching thereto a certified copy of certain minutes, and the judgment and sentence of the Superior

Court, Okmulgee County, Henryetta Division.

The records show that on March 17, 1967 this petitioner, after being fully advised of all his statutory and constitutional rights, including the right to an attorney, which he waived, entered a plea of guilty to the charge of burglary, second degree, and was sentenced to serve four years in the State Penitentiary, and was thereupon returned to the county jail for ten days.

Thereafter, on March 31, 1967 the defendant, having employed private counsel, filed his motion to be permitted to withdraw his plea of guilty and enter a plea of not guilty to the charge against him. A hearing was held on this motion, and it was developed that this petitioner was fully advised of his constitutional rights by the district attorney of Okmulgee County, and also by the trial judge; and that the trial judge at the time he entered his plea of guilty advised him of his right to counsel, and that counsel would be appointed to represent him, if he were unable to employ counsel. That the defendant, at that time, stated that he did not desire counsel, and was ready to enter his plea of guilty, and that he wished to be transported to the State Penitentiary on the date of the judgment. He was informed by the trial court that he would be held in the county jail of Okmulgee County for a term of ten days to give him an opportunity to appeal, if he so desired.

An examination of the records before us, and in the office of Department of Corrections, would indicate that this defendant was not entirely inexperienced in court room procedure, since he is now serving his third term in the penitentiary.

As provided by statute, 21 Okl.St.Ann. § 1436, the penalty for burglary in the second degree is not less than two years, and not exceeding seven years; and where one is prosecuted as a second and subsequent offender, the penalty may be greater.

■ This Court has consistently held that the granting or denying of permission to withdraw a plea of guilty and to substitute a plea of not guilty is a matter within the sound discretion of the trial court, and its action must be upheld, unless an abuse of such discretion clearly appears from the record. Factor v. State, 49 Okl.Cr. 308, 294 P. 206; Martin v. State, 54 Okl.Cr. 336, 20 P.2d 196; Ward v. State, 90 Okl.Cr. 120, 210 P.2d 790; Sanders v. State, 72 Okl.Cr. 85, 153 P.2d 198; Thompson v. State, 96 Okl.Cr. 160, 250 P.2d 481.

■ It is our opinion that the trial court did not abuse its discretion in refusing to vacate and set aside the judgment and sentence and permit this defendant to withdraw his plea of guilty and enter a plea of not guilty, and to grant him a new trial.

Writ and petitions denied.

NIX, P. J., and BUSSEY, J., concur.