Johnny HUCKABAY, Petitioner,

v.

Ray H. PAGE, Warden, and the State of Oklahoma, Respondents.

No. A–14575.

Court of Criminal Appeals of Oklahoma.

March 13, 1968.

Johnny Huckabay, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

Johnny Huckabay files a petition in this Court seeking his release from confinement in the state penitentiary by writ of habeas corpus.

Petitioner's only ground for relief seems to be his contention that he was denied the right to counsel, and, therefore, the district court of Pottawatomie County did not have jurisdiction—hence the judgment and sentence was void.

Petitioner submits with his petition a "brief in support of writ of habeas corpus", and certain exhibits, including a certified copy of the court reporter's notes in the proceedings at petitioner's arraignment and sentence. In his prayer, petitioner states:

"And the petitioner prays that the court's order be read to include prejudice against the subsequent re-trial or prosecution of this petitioner on this or any other charge arising out of the instant offense." Thus making it clear that he does not seek a post-conviction appeal, or a retrial.

At the arraignment of this petitioner, the judge of the district court had the court reporter present and a complete record of the hearing made. He asked defendant if he had a lawyer, and when told that he did not, asked him if he intended to get one, to which the petitioner answered, "No, sir."

After the information was read to petitioner, the following transpired, as shown by the transcript of the proceedings:

"The Court: Mr. Defendant, you are charged here with rape in the first degree, which under the law of the State is a felony punishable by imprisonment in the state penitentiary for any period of time not less than 15 years, or the maximum punishment may be death in the electric chair. You are advised of course that you have the right to counsel if you wish it. * * *

"The defendant: I plead guilty.

"The Court: You have heard me say that the punishment was not less than 15 years.

"The defendant: Yes, sir".

■ The court delayed sentencing defendant from Monday, January 28, until the following Wednesday, and informed him that he would ask the county attorney for recommendation as to punishment, which he would not be bound to follow. On January 30 the court reminded the defendant, "after the court had advised you of your right to counsel, you advised the court that you did not care to have counsel"; and after giving the defendant an opportunity to withdraw his plea of guilty, again reminded him: "You know the range of punishment is from 15 years to death", to which the accused answered, "Yes, sir."

The court then found the defendant guilty, and sentenced him to serve 25 years in the state penitentiary.

Accused now contends that the court did not advise him of his right to have counsel appointed to represent him, but acknowledges and concedes that the trial court did advise him of his general right to counsel.

In Ex parte Smith, 83 Okl.Cr. 199, 174 P.2d 851, this Court stated:

"The age of the petitioner at the time he is arraigned, his education, background and experience are all factors to be considered in this connection. Where a person has prior thereto served a term of imprisonment in the State Penitentiary, the burden upon the petitioner to show that he was not acquainted with court procedure is even greater than it is for one who has never been in the courtroom before his arraignment. This court knows from the experience gained in reviewing hundreds of cases and from reading letters from a large number of inmates addressed to this court setting forth their grievances, that a person incarcerated in the state penitentiary quickly learns all about the legal rights given by our statutes and the Constitution to one accused of crime."

In the instant case the petitioner had served two prior terms of imprisonment in the penitentiary. Under the circumstances of this case, we believe petitioner knew full well his right to have legal counsel, even without being so advised by the court. The proof on behalf of petitioner that he was not advised of his right to have counsel appointed is far from being clear and convincing. The record shows that the court inquired several times of petitioner whether or not he wanted an attorney. To each of the court's statements made to petitioner, he either answered in the negative, or attempted to "fence" with the court, as when he was told by the court, "you are advised of course that you have the right to counsel, if you wish"; petitioner responded, "I plead guilty."

It is our conclusion that the petitioner was advised of his rights, both constitutional and statutory, and especially to his right to counsel to represent him. We therefore hold that petitioner knowingly and intelligently waived his right to an attorney.

As we view the record, the petitioner has wholly failed to sustain the burden of showing that the trial court was without jurisdiction to pronounce the judgment and sentence against him, and for that reason the writ of habeas corpus is denied.

BUSSEY, J., concurs.