**Patricia Ann SANDERSFIELD [Evans], Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14454.**

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1968.

Charles C. Yon, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge:

Plaintiff in error, Patricia Ann Sandersfield [Evans], hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Murder. From the transcript filed in this Court, it appears that after the presentation of the evidence at her trial, she elected to enter a plea of guilty to the lesser offense of Aggravated Assault and Battery, which the trial judge accepted and set the date for sentencing for April 21, 1967. On that date, defendant appeared and asked that sentencing be postponed as her attorney was in the hospital. This was granted, sentencing again set for April 28, 1967. On April 28, 1967, sentencing was again continued, and re-set for June 9, 1967. At that time the trial judge sentenced defendant to serve a term of Six (6) months in the county jail. On June 14, 1967, defendant entered a Motion to Vacate Judgment and to Withdraw Plea of Guilty. This was denied by the trial judge. From this, she has appealed to this Court.

The transcript filed herein does not contain any of the evidence presented at the trial, but starts with the close of the defendant's case, and the entering of the plea of guilty. That portion of the record reads as follows:

"(Proceedings at conclusion of trial on April 11, 1967)

MR. LEATHERMAN: The Defendant rests.

THE COURT: Let the record show the defendant rests. The State's evidence in rebuttal.

MR. CUNNINGHAM: Let the record show that the State rests.

THE COURT: Let the record show that the state rests and this concludes the evidence in this case.

Ladies and Gentlemen, under the admonitions previously given you, we will be in recess until about 11:30.

\*    \*    \*    \*    \*    \*

THE COURT: Let the record show that after the recess, the jury returned to the jury box, the defendant is present in person and both parties are present in counsel. Both parties have rested and the evidence is at an end. The defendant's counsel may now protect his record.

MR. LEATHERMAN: At this time the defendant wishes to enter a plea of guilty to the included offense of Aggravated Assault and Battery.

THE COURT: Mr. Cunningham, do you wish to make a statement?

MR. CUNNINGHAM: I have no statement to make.

THE COURT: For the record and for the benefit of the jury, at this stage of the trial, ordinarily the defendant interposes a demurrer and motion for directed verdict, which is simply to advise the Court that, considering all the evidence by the state and by the defendant, that the offense charged has not been proven and the court rules on that. In this case, prior to entering her demurrer, the defendant is offering to plead guilty to the included offense of Aggravated Assault and Battery, which is a misdemeanor.

Mrs. Evans, you may stand right where you are. (Defendant stands) Mrs. Evans, you have heard your attorney enter for you, or attempt to enter for you a plea of guilty to the included offense of aggraved assault and battery, which is a misdemeanor punishable by not to exceed one year in the county jail or a fine of $500 or both such fine and imprisonment. *Is that your personal desire in this matter?*

*THE DEFENDANT: Yes, sir.* (Emphasis ours)

THE COURT: Very well, the court has the option of accepting that or its denial. Under all the evidence, it appears to me proper that the court should accept this plea. Let the record reflect that the court accepts the plea of the defendant to the included offense of aggravated assault and battery and the time for judgment and sentence on the plea is set for—let me see, Mr. Leatherman, I believe you said you will be out of the City this coming Friday, is that right?

MR. LEATHERMAN: Yes, sir.

THE COURT: But you will be here the following Friday, the 21st of April?

MR. LEATHERMAN: Yes, sir. \* \* \* "

While the defendant asserted at the hearing on the Motion to Withdraw her Plea of Guilty, that she did not understand exactly what the crime of aggravated assault included, it is apparent from the cited portion of the record, supra, that it was her *"personal desire"* to plead guilty to this included offense.

■ This Court has repeatedly held that the granting or denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter within the sound discretion of the trial court and its action will be upheld unless an abuse of such discretion clearly appears from the record. Title 22, Okl.St.Ann. § 517; Pierce v. State, Okl.Cr., 394 P.2d 241.

■■ Where an appeal is taken by an accused from a judgment entered upon a plea of guilty, the appeal will ordinarily present only such questions as go to the free and voluntary character of the plea, or that accused was not of competent intelligence, or was not advised of his legal rights and of the nature and consequences of his plea, or as to the sufficiency of the indictment or information to confer jurisdiction, or the legality of the sentence. Since the record in this case clearly shows that the defendant was represented by competent counsel, at all stages of this proceeding, and that the entering of the plea of guilty was a free and voluntary act on her part; to come to this many months later alleging she did not know what the crime of aggravated assault included, is hardly sufficient to overcome the regularity of the proceedings.

It is obvious the defendant was originally charged and trial commenced of a much

more serious offense. Had she been convicted of the crime of Murder, the sentence would have been mandatory—Life or Death. Had she been convicted of the crime of Manslaughter, she could have received from Four Years to Life imprisonment. It is apparent from the record that defendant entered her plea after the presentation of the evidence when she felt her fate was to be decided by the jury. It is also apparent she believed she was being granted considerable leniency from the trial court by being permitted to plead to a misdemeanor.

■ As stated in the brief of the Attorney General—"The usual circumstance of one charged with the capital offense of murder being eventually convicted of a misdemeanor only bespeaks of a considerable degree of mercy already accorded to defendant". This Court agrees with this statement.

The Court further stated in Pierce v. State, supra:

"In order to sustain the contention of an accused that a trial court has abused its discretion in refusing to allow a plea of guilty substituted therefor, it must be apparent from the record that the plea has been made unadvisedly through ignorance, inadvertance, influence, or without deliberation, and that there is a defense that should be presented to the jury."

In the instant case, the defendant did present her defense to the jury, and before their deliberation, elected to enter her plea of guilty.

■ This Court has always favored a trial of a criminal case on the merits, but this does not apply when it is apparent from the record that the defendant is attempting to trifle with the courts, for the purpose of delay to defeat the ends of justice.

We find no merit to the allegation that there is fatal variance in the information and the judgment and sentence. There is sufficient law, on the rare occasions it has been before the Court, to uphold the trial court's action.

For the reasons stated above, the judgment and sentence of the trial court is hereby affirmed.

BUSSEY and BRETT, JJ., concur.