Justin Wayne SANDLIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14477.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1969.

Mac Oyler, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

This is an appeal from two convictions in the County Court of McClain County, Oklahoma. Plaintiff in error, hereafter referred to as defendant, with counsel of his own choosing present entered pleas of guilty to the charges of Reckless Driving, and Eluding a Peace Officer. Both offenses were alleged to have occurred on August 9, 1966. Defendant contends he was induced to change his pleas from "not guilty" to "guilty" in both cases, on the promise that the prosecutor would recommend a fine in both cases. After the date for imposition of judgment and sentence was first set, on defendant's motion, the matter was continued several times; and finally on June 29, 1967, the court sentenced defendant to serve six months imprisonment in the county jail on each charge. The Court specified that the sentences were to run consecutively. On July 6, 1967, defendant filed an application requesting withdrawal of his pleas of "guilty" in each case, and to substitute therefor his former pleas of "not guilty." Defendant's application was denied; and then he filed a Motion for New Trial, which was overruled. Thereafter he filed his appeal.

Defendant contends that District Attorney breached his agreement in that he did not recommend fines in each case with him. However, the record before the Court, which was made at the hearing on defendant's application to withdraw the guilty pleas, does reflect that the prosecutor testified that he first made a recommendation to the court in each case for the court to impose a fine on defendant; but he also subsequently recommended the jail sen-

tences when the Judge stated he was not inclined to impose only a fine in these two cases.

■ After carefully reviewing the record before the Court, we are of the opinion the district attorney did not breach his promise to recommend a fine in these cases. Even though there seems to be some difference of opinion concerning the amount of fine the district attorney allegedly agreed to recommend, the record does show that such recommendation was made to the trial court. The district attorney further testified, that in face of the Judge's remark concerning his unwillingness to impose fines, he then recommended jail sentences. However, any recommendation made to the trial court is not binding on the Court. Also, the record clearly shows that this fact was stated to defendant's attorney and defendant's father.

In Huckabay v. Page, Okl.Cr., 438 P.2d 645 (1968), this Court provided:

"Recommendation of county attorney as to amount of punishment to be imposed upon plea of guilty is advisory only, and trial court is not bound to follow such recommendation."

Also, whether or not the court should have received the prosecutor's recommendation, this Court recited in Mesmer v. Raines, Okl.Cr., 351 P.2d 1018 (1960).

"The court, where a plea of guilty is entered, usually calls upon the county attorney for a recommendation as to sentence, but the Court is not required to follow the recommendation, and while a county attorney may advise a prisoner of the recommendation he may make, the court may not properly bargain with a prisoner to induce him to enter a plea of guilty and we must assume in this case that he did nothing to mislead the petitioner."

Likewise, we fail to find in the record any substantiation to the contention that the defendant entered into his guilty pleas unadvisedly, through ignorance, inadvertence, or without deliberation. It is presumed that the prosecutor's initial recommendation for fines to be imposed in these cases might have been followed, if judgment and sentence had been imposed on the date the pleas were entered. However, we observe that the record reflects the trial court was informed that because of defendant's incarceration in the Oklahoma County Jail he could not be present before the court on the appointed date. Consequently, the trial judge—in the exercise of his discretion—determined that the imposition of a fine alone would not be sufficient in these cases. Counsel admitted before the court that defendant's father would pay any fine imposed. Nonetheless, there is nothing in the record before this Court to indicate the trial judge abused his discretion, when he refused the withdrawal of defendant's pleas. In Pierce v. State, Okl. Cr., 394 P.2d 241 (1964), this Court repeated:

."The granting and denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter within the sound discretion of the trial court and its action will be upheld unless an abuse of such discretion clearly appears from the record." See also: Green v. State, Okl.Cr., 327 P.2d 704; Cullins v. State, Okl.Cr., 325 P.2d 446.

■ However, as we review the information placed before the trial court compared with the provisions of 47 Okl.St. Ann. § 11–901, it appears that the sentence imposed on the Reckless Driving charge was excessive. The information alleges a first offense under this statute. § 11–901 (b) provides:

"Every person convicted of reckless driving shall be punished upon a first conviction by imprisonment for a period of not less than five days nor more than ninety days, or by fine of not less than Twenty-Five Dollars ($25.00) nor more than Five Hundred Dollars ($500.00), or by both such fine and imprisonment;

* * *."

We are therefore of the opinion that the sentence imposed for Reckless Driving in Case No. 6384, should be modified from six

months confinement in the county jail, as exceeding the provisions of the statute, to a fine of One Hundred and Fifteen Dollars ($115.00), as initially recommended to the court by the district attorney.

Insofar as 21 Okl.St.Ann. § 540A, "Eluding a Peace Officer," provides a maximum sentence of imprisonment in the county jail for six months. We find that the sentence imposed in Case No. 6385 is within the limits specified in the statute and in view of the facts of this case, it should not be disturbed.

We are therefore of the opinion that the judgments and sentences imposed in these cases, as modified, should be and the same are affirmed.

BUSSEY and NIX, JJ., concur.