Curtis L. **LAWSON**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

Nos. A–15685, A–15686.

Court of Criminal Appeals of Oklahoma.

Oct. 20, 1971.

Rehearings Denied Dec. 10, 1971.

Second Rehearings Denied Feb. 2, 1972.

Archibald Hill, Jr., Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Ray Naifeh, Asst. Atty. Gen., for defendant in error.

## DECISION AND OPINION

BRETT, Judge:

This is an appeal from the District Court of Tulsa County, Oklahoma, from two cases in which Curtis L. Lawson, Plaintiff in Error, hereafter referred to as defendant, entered a plea of guilty to each

charge. Defendant filed a motion to withdraw his plea of guilty and a motion for new trial, both of which were heard at the same time by the trial judge, and both were denied.

On July 17, 1969, an information was filed charging defendant with the crime of "Embezzlement by Trustee" in case number CRF–69–1115; and on August 4, 1969, information number CRF–69–1217 was filed against defendant, charging him with the crime of "Embezzlement by Trustee." Defendant appeared before the magistrate on August 4, 1969, and was represented by counsel, Mr. John Tanner, when he was informed of the charge and his bail was set in the amount of Five Hundred Dollars ($500.00). On September 4, 1969, defendant's case was called for preliminary examination, at which defendant was present with counsel of his own choice, Mr. John Tanner. The record sufficiently reflects that defendant and his counsel appeared before the examining magistrate, the Honorable Amos Hall, Special Judge for Tulsa County, and waived the preliminary examination. Defendant's arraignment in the District Court was set for the following day, September 5, 1969. On that date defendant appeared with his counsel and requested his statutory time of twenty-four (24) hours in which to enter a plea. The arraignment was then continued to September 8, 1969, and he was permitted to remain free on Five Hundred Dollars ($500.-00) bond.

On September 8, 1969, defendant was present at his arraignment with his counsel; acknowledged receipt of the information and waived the formal reading of the information, waived further time to plead and he entered a plea of not guilty. Defendant's jury trial was set to be had on September 22, 1969. He was permitted to remain free on bail.

On the date set for his trial, defendant appeared with counsel of his own choice, Mr. John Tanner. Prior to the commencement of the selection of the jury, defendant requested that his trial be further continued, and after considerable discussion during which defense counsel also requested to withdraw from the case, which was denied, the court denied defendant's request for continuance. After commencement of voir dire examination of the jurors, in case number CRF–69–1115, defendant made known to the court that he had an announcement to make. When the court requested what the announcement was, defendant informed the court it was his decision to waive his right to jury trial and to enter a plea of guilty to both charges confronting him. From that point on the court very meticulously and carefully advised and counseled with defendant to assure that he was freely and voluntarily entering his plea of guilty in each case. The court carefully inquired of defendant as to whether he fully understood his constitutional right to trial, that the burden was on the State to prove the charges, and the other rights which he would enjoy, if he stood a trial by jury. To each question propounded by the court, the defendant indicated that it was his desire to enter a plea of guilty. Defendant also entered his positive statement that he was satisfied with the efforts exerted in his behalf by counsel of his own choosing. Defendant stated that there had been no coercion or threats to cause him to change his plea. The court then specifically asked, "Do you understand the meaning of the word 'voluntary', Mr. Lawson?" The defendant replied, "Yes, sir, I do." The court then asked, "And in your own words, what does that term mean?" The defendant replied, "It means that I am making the decision of my own free will."

During his inquiry of defendant, the court specifically questioned him, with reference to each of the charges. The court inquired, "Well, did you, Mr. Lawson, on the 2nd day of June, 1969, in Tulsa County, Oklahoma, willfully and fraudulently embezzle the sum of $1500.00, the same being the property of the Bethlehem Seventh Day Adventist Church?" The defendant replied, "Yes, sir."

And the court then inquired of the defendant, "And on this [CRF–69–] 1217, Mr. Lawson, did you on the 23rd day of December, 1968, in Tulsa County, willfully and fraudulently embezzle the sum of $1,000.00 from Glen O. Dick and Aline Dick that had been delivered and intrusted into your care and custody by reason of an agency relationship and did you after receiving the money appropriate it fraudulently to a use and purpose not in due and lawful execution of that trust?" The defendant answered, "Yes, sir."

After carefully inquiring of defendant, the court accepted his plea of guilty to the charges confronting him, and set the date for his sentencing to be had on October 14, 1969. On that date, with defendant and his counsel being present, the court sentenced defendant to serve two (2) years in the custody of the State Department of Corrections on each respective charge; and the court also provided that the two sentences were to run "concurrently." At that hearing the court also stayed execution of the sentences until October 24, 1969.

On October 24, 1969, defendant again appeared with counsel, and the trial judge ordered the sentence executed and remanded defendant to the custody of the sheriff. His appeal bond was fixed in the amount of Four Thousand Dollars ($4,000.00) on each case, and defendant was ordered to remain in the Tulsa County Jail for a period of ten (10) days in order to complete procedures required to initiate his appeal.

On October 24th defendant filed his motion for a new trial and also filed an application requesting to withdraw his plea of guilty and to substitute in lieu thereof a plea of not guilty. He also filed his notice of intention to appeal and written request for the transcript of evidence and the original record in both cases. On October 30, 1969, the hearing on defendant's motion for new trial was continued until November 6, 1969, and on that date Mr. John Tanner was permitted to withdraw as counsel for the defendant. On November 10, 1969, defendant appeared with his new counsel, Mr. Archibald Hill, of Oklahoma City, for a hearing to be had on his application to withdraw the plea of guilty, and on his motion for a new trial. The hearing was not concluded at the end of the day and was continued until November 12th, when defendant and his counsel again appeared to continue taking evidence concerning both matters before the court.

At the hearing on defendant's application and motion for new trial, defendant testified in his own behalf. During his testimony defendant related that it was not his desire to enter a plea of guilty to either charge, and that he was encouraged to do so by defense counsel; and because of the urging of his defense counsel and the pressure of circumstances he entered the plea of guilty to each charge. During his testimony he also stated that he did not waive his preliminary examination, and that he was not present when the preliminary examination was waived by defense counsel. The State then called Mr. Jack Morgan, the Assistant District Attorney who was present at defendant's preliminary examination; Judge Amos T. Hall, who conducted the preliminary examination, Mr. John Tanner, defense counsel who represented defendant at the preliminary examination, all of whom testified that defendant was present at his preliminary examination and knowingly waived the same. Also, Mr. Thomas Dee Frasier, who had been requested by defendant to render assistance in his criminal trials, testified that defendant's counsel properly represented him, and as to counsel's competence as a trial counsel. He stated further that defendant's mental condition appeared to him to be normal.

At the conclusion of the hearing, the trial court denied defendant's application to withdraw his plea of guilty and overruled his motion for new trial. And from that denial this appeal has been lodged.

The question presented by this appeal is whether or not defendant voluntarily en-

tered a plea of guilty to the two charges confronting him. We believe he did.

This defendant had been a practicing attorney for several years in the City of Tulsa, prior to his resignation as a member of the Oklahoma Bar Association. He was knowledgable and fully aware of the criminal trial procedures when his cases were called for preliminary examination. He was likewise fully aware of the trial procedures for a defendant to withdraw a plea of not guilty, and to substitute in lieu thereof a guilty plea, admitting his guilt for the crimes charged. Likewise the record thoroughly reflects that defendant was not hurried into these proceedings, but instead he was allowed more time than the average defendant might expect prior to going to trial. Nor do we accept the implication of defendant's brief that defendant was inadequately represented by counsel. He had counsel of his own choice, who is a most competent and capable attorney. The record reflects that notwithstanding the advice of his counsel, he sought advice and counsel from another attorney, Mr. Thomas Dee Frasier, who, based upon the facts revealed to him, endorsed the advice given him by his attorney, when he recommended that the defendant enter a plea of guilty to the charges. Also the record reflects that the trial judge would not accept defendant's plea until he made certain that defendant clearly understood the meaning of "voluntary," and until the court was convinced that defendant was changing his plea on his own free will and volition.

We are thoroughly convinced that the trial court followed the procedures set out by this court in Copenhaver v. State, Okl.Cr., 431 P.2d 669 (1967). In Sandersfield v. State, Okl.Cr., 445 P.2d 422 (1968), this court stated:

> This court has repeatedly held that the granting or denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter within the sound discretion of the trial court and its action will be upheld unless an abuse of such discretion clearly appears from the record.

See 22 O.S.1961, § 517, and Pierce v. State, Okl.Cr., 394 P.2d 241 (1964).

In this appeal defendant has failed to show how the court abused its discretion, and as we view the record, we find no such abuse.

Defendant sets forth in his brief that he had valid defenses to the two charges, which should be sufficient to warrant the withdrawal of his pleas. The record before this Court reveals that each time the trial court attempted to ascertain from defendant some explanation for his requested continuance, defendant entered into nebulous double talk concerning pressures which he could not explain. If he had valid defenses to the charges, they were not communicated to the court.

We have carefully examined the transcript of testimony offered in this appeal and find that defendant was properly advised of his constitutional rights at all stages of the proceedings; that his pleas of guilty were entered and accepted by the trial court, after meticulous and careful inquiry by the court to assure the voluntariness of defendant's plea, and that he was entering such plea on his own volition and not the result of promises, threats, or coercion. Likewise, we fail to find the errors in the record, as contended in defendant's petition in error and brief.

We are therefore of the opinion that the judgment and sentence imposed in district court cases number CRF–69–1115 and CRF–69–1217, for the crimes of "Embezzlement by Trustee", in which defendant was sentenced to serve two (2) years under the direction and control of the State Department of Corrections in each case respectively, which sentences were ordered to run concurrently, should be affirmed.

It is so ordered.

BUSSEY, P. J., concurs.

NIX, J., not participating.